```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      WESTERN DIVISION
```

Interactive Products            )
Corporation,                    )
                                )
         Plaintiff,             )    Case No. C-1-99-731
                                )
vs.                             )
                                )
a2z Mobile Office               )
Solutions, Inc., et al.,        )
                                )
                                )
         Defendants.            )

O R D E R

This matter is before the Court on a number of post-judgment pleadings involving potential awards of fees and sanctions, including: Magistrate Judge Sherman's Report and Recommendation on an award of sanctions (Doc. No. 66), Plaintiff Interactive Product's Corporation's objections to Judge Sherman's Report and Recommendation (Doc. No. 67), and motions for attorney's fees and costs filed by Defendants Brian Lee and a2z Mobile Office Solutions, Inc. and Douglas Mayer and Mobile Office Enterprise, Inc. (Doc. Nos. 54 & 55). For the reasons that follow, Plaintiff's objections to Magistrate Judge Sherman's Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** Magistrate Judge Sherman's Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 37(a)(4)(B), Plaintiff shall pay Defendants a2z Mobile Office Solutions, Inc. and Brian Lee's reasonable expenses of $5,128.32; Plaintiff shall pay Defendants Mobile Office Enterprises, Inc.

1

and Douglas Mayer's reasonable expenses of $6,480.56. Defendants' respective motions for recovery of attorney's fees as prevailing parties pursuant to 15 U.S.C. § 1117(a) are not well-taken and are **DENIED.** Defendants a2z Mobile Office Solutions, Inc. and Brian Lee's motion for and bill of costs is referred to the Clerk of Court to review and tax the appropriate costs.

This case was a trademark infringement action in which, <u>inter alia</u>, Plaintiff Interactive Products Corporation, Inc. ("IPC") alleged that a2z Mobile Office Solutions Inc.'s ("a2z") use of the term "laptraveler" in the post-domain path of its URL violated IPC's registered trademark "Lap Traveler." The complaint also asserted claims against a2z under the Lanham Act for false designation of origin and false advertising based on allegedly false or misleading statements about the break-up or dissolution of the business relationship between IPC's principal, Mark Comeaux, and a2z's principal, Brian Lee. The liability of MOE and Mayer was premised on an agency or aider and abettor theory of liability. The complaint also contained parallel state law trademark infringement and false advertising claims, and state law claims for breach of contract and tortious interference with existing and potential business relationships.

Upon motions filed by both the Defendants, the Court granted summary judgment against IPC on all of the trademark infringement and false advertising claims. The Court then dismissed the remaining state law claims for breach of contract and tortious interference pursuant to 28 U.S.C. § 1367(c). In

granting the motions for summary judgment, the Court found that a2z's use of the term "laptraveler" was non-infringing and that IPC had failed to present any evidence that its customers were or were likely to be confused about a2z's use of the term "laptraveler."  The Court also found that IPC's false advertising claim was without merit because the alleged misleading statement was literally true and because IPC had failed to present any evidence of actual confusion over the statement.

During the course of discovery, IPC filed a motion to take the depositions of Defendants' trial counsel on the grounds that counsel allegedly engaged in improper conduct during and after IPC's deposition of Brian Lee.  Magistrate Judge Sherman denied IPC's motion for three reasons: 1) IPC's counsel failed to attempt to resolve the dispute extra-judicially before filing the motion; 2) the record failed to support a finding of misconduct; and 3) the information IPC sought from the depositions of opposing counsel could have been obtained from other sources.  As a sanction, Judge Sherman awarded Defendants their reasonable costs of defending IPC's motion.  In response, Defendants submitted bills of $11,538.51 and $10,970.94.  On appeal from this decision, this Court ruled that Magistrate Judge Sherman correctly found that IPC's motion to compel was without record support and that Defendants should be awarded their reasonable expenses of defending the motion.  Upon reviewing the bills submitted by defense counsel, Judge Sherman determined that a2z should have spent no more than $5,128.32 defending IPC's motion

and that MOE should have spent no more than $6,480.56 defending the motion. See Doc. No. 66. Judge Sherman thus determined that these were the reasonable costs of defending against the motion to compel and were the amounts that should be awarded as sanctions. IPC then filed objections to this Report and Recommendation (Doc. No. 67).

In the meantime, IPC appealed to the Sixth Circuit Court of Appeals this Court's order granting Defendants' motions for summary judgment and the order that, pursuant to Rule 37(a)(4)(B), IPC should pay Defendants' reasonable expenses in defending the motion to compel. The Sixth Circuit affirmed this Court's judgment in all respects. See Interactive Products Corp. v. a2z Mobile Office Solutions, Inc., 326 F.3d 687 (6th Cir. 2003).

Finally, after the Court originally entered judgment against IPC, Defendants filed motions for an award of attorney's fees as the prevailing parties pursuant to 15 U.S.C. § 1117(a) (Doc. Nos. 54 & 55) and Defendants a2z and Lee filed a bill of costs for $2,944.15. See Doc. No. 55, Ex. A.

### A. Rule 37(a)(4)(B) Sanctions

As noted, Magistrate Judge Sherman found that a2z and Brian Lee should be awarded reasonable expenses of $5,128.32 for having to defend IPC's motion to compel and that MOE and Douglas Mayer should be awarded expenses of $6,480.56 for having to defend the motion. Defendants do not appeal or object to that recommendation although the bills they ultimately submitted -

about $40,000 total - were substantially higher than the amounts found to be reasonable by Judge Sherman.

IPC's objections to Magistrate Judge Sherman's Report and Recommendation are essentially twofold.  First, IPC objects to the characterization of its motion for leave to take defense counsels' depositions as a motion to compel, stating that "Plaintiff did not approach this Court thinking it had a basis to compel anything but, rather, wished to obtain aid of the Court to determine whether it could be permitted to depose opposing counsel given certain conduct exhibited at a deposition."  See Doc. No. 66, at 4.  The Sixth Circuit, however, rejected this argument as "hair splitting" and without supporting authority.  See Interactive Products, 326 F.3d at 700; see also id. at 701 ("[T]he district court did not abuse its discretion in determining that IPC's motion was properly characterized as a motion to compel.").  Therefore, the Court need not re-address this argument here.

IPC's second objection is that although Magistrate Judge Sherman reduced the amount sought by Defendants by approximately 75%, the amount determined to be reasonable was still excessive because he failed to analyze IPC's conduct and ability to pay.  This argument is without merit as well.  Both this Court and Magistrate Judge Sherman have already decided that IPC should be sanctioned because its motion was not substantially justified.  Thus, the initial decision to award sanctions already took into consideration IPC's conduct.  Nothing in the clear

5

language of Rule 37(a)(4)(B) indicates that the movant's conduct should also be considered in determining whether the opponent's fees are reasonable.

Finally, the Court finds no support in Rule 37 or in any other case law which states that the movant's ability to pay must be taken into consideration in determining the reasonableness of the fee. As Federal Practice & Procedure observes: "The great operative principal of Rule 37(a)(4) is that the loser pays." See Wright, et al., 8A FEDERAL PRACTICE & PROCEDURE § 2288, at 787 (2nd ed. 2003). Indeed, the very language of Rule 37(a)(4) mandates that the loser pay the opposition's reasonable expenses if its motion was not substantially justified. If the movant's ability to pay were taken into consideration, impecunious litigants would be free to frustrate and obstruct discovery, or engage in the pursuit of frivolous discovery requests, no matter how unjustified its conduct and now matter how reasonable the opposition's expenses are in defending against such conduct.

That the loser's ability to pay should not be considered under Rule 37(a)(4) is confirmed by examining the language of Rule 11(c)(2). Under Rule 11(c)(2), an award of sanctions "shall be limited to what is sufficient to deter repetition of such conduct by others similarly situated. As the language of Rule 11(c)(2) indicates, the primary purpose of awarding sanctions under its provisions is deterrence; the trial court may only award an amount sufficient to achieve deterrence

and, therefore, must consider the party's ability to pay. See Danvers v. Danvers, 959 F.2d 601, 605 (6th Cir. 1992). In contrast, in Rule 37(a)(4), the only limitation imposed on the amount of the sanction is that the opponent's expenses be reasonable. As the Seventh Circuit has noted, Rule 37(a)(4) is a fee-shifting rule which is intended to make whole the opponent of an unjustified discovery request. See Rickels v. City of South Bend, 33 F.3d 785, 786-87 (7th Cir. 1994) (affirming award of reasonable expenses under Rule 37(a)(4) against pro se plaintiff without consideration of ability to pay). Rule 11, on the other hand, is not a fee-shifting rule. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 408 (1990). Thus, the cases on which IPC relies in its brief, Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor, 875 F.2d 1224 (6th Cir. 1989) and Mihalik v. Pro Arts, Inc., 851 F.2d 790 (6th Cir. 1988), are inapposite because they involve analysis and application of Rule 11 sanctions. In summary, the Court need not consider IPC's ability to pay the sanction which Magistrate Judge Sherman recommended be imposed.

Magistrate Judge Sherman recommended a total sanction of $11,608.88. Although IPC objects to the overall amount of the recommended sanction, it does not quarrel with Judge Sherman's analysis of the reasonable hours expended to defend the motion nor with the hourly rates charged by defense counsel. Upon de novo review of defense counsels' submissions, the Court agrees with Judge Sherman's recommendation. Accordingly, pursuant to

Rule 37(a)(4)(B), the Court awards Defendants a2z and Lee its reasonable expenses of $5,128.32 and Defendants MOE and Mayer its reasonable expenses of $6,480.56.  IPC shall make full payment of these sanctions within fifteen (15) days of the date of this order.

### B. Attorney's Fees and Costs

Pursuant to Rule 54(d)(2) and 15 U.S.C. § 1117(a), Defendants move for an award of attorney's fees as the prevailing parties in a trademark infringement action.  In addition, Defendants a2z and Brian Lee also move for an award of costs.

Rule 54(d) preserves the so-called "American Rule" under which each side pays its own costs of litigation, unless some other statutory provision provides for the recovery of attorney's fees. <u>Clarke v. Mindis Metals, Inc.</u>, No. 95-5517, 1996 WL 616677, at **7 (6th Cir. Oct. 24, 1996).  In this case, the Trademark Act does provide for recovery of attorney's fees by the prevailing party: "The court in exceptional cases may award reasonable attorney fees to the prevailing party."  15 U.S.C. § 1117(a).  Defendants clearly prevailed in this case, both in this Court and on appeal, and thus may potentially recover their reasonable attorney's fees.  However, a prevailing defendant in a trademark case may not recover its reasonable attorney's fees if the plaintiff presented a colorable case that the defendant violated the Act.  <u>American Council of Cert. Podiatric Phys. & Surg. v. American Bd. of Podiatric Surg., Inc.</u>, 185 F.3d 606, 625 (6th Cir. 1999).  In this case, on <u>de novo</u> review of the merits

of the motions for summary judgment and in denying Defendants' motions for sanctions pursuant to Fed. R. App. P. 38, the Sixth Circuit stated:

> IPC's appeal raises a novel issue regarding whether the presence of another's trademark in a web page's URL post-domain path violates trademark law. Furthermore, IPC has advanced at least a colorable (even if ultimately unpersuasive) argument, based on Supreme Court precedent, that MOE and Mayer would be vicariously liable if the court were to find a2z's web page to be in violation of trademark law. Therefore, IPC's appeal of the district court's summary judgment in favor of MOE and Mayer was not frivolous.

Interactive Products, 326 F.3d at 701-02. Thus, although this Court recognizes that Defendants view this case as a vexatious and harassing lawsuit, the Court of Appeals has found that IPC presented colorable claims for Trademark Act violations against the Defendants. We believe that this conclusion by the Court of Appeals is the law of the case regarding Defendants' entitlement to attorney's fees pursuant to § 1117(a). Accordingly, Defendants' respective motions for attorney's fees as prevailing parties are not well-taken and are **DENIED.**

Defendants a2z and Lee also present a bill of costs for recovery of deposition expenses and docket fees in the amount of $2,944.15 (Doc. No. 55, Ex. A). The normal practice is for the Clerk of Court to perform the initial review of the bill and to tax costs and for the Court to review the Clerk's award of costs if the losing party feels aggrieved by that decision. Wright, et al., 10 FEDERAL PRACTICE & PROCEDURE § 2679, at 485-86 (3rd ed. 1998).

Accordingly, the Court refers Defendants' bill of costs to the Clerk of Court for disposition.

**IT IS SO ORDERED**

Date November 10, 2003                s/Sandra S. Beckwith
                                       Sandra S. Beckwith
                                   United States District Judge